*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NIEMA REESE,

        Plaintiff-Appellee,

and

VHS OF MICHIGAN INC., doing business as DETROIT MEDICAL CENTER,

        Intervening Plaintiff-Appellee,

v

CITIZENS UNITED RECIPROCAL EXCHANGE,

        Defendant-Appellant,

MICHIGAN ASSIGNED CLAIMS PLAN, ALICE RASHEEMUA PHILLIPS, and JOHN DOE,

        Defendants,

and

MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY,

        Defendant-Appellee.

UNPUBLISHED
July 15, 2026
2:03 PM

No. 372786
Wayne Circuit Court
LC No. 23-001347-NI

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

In this no-fault action to recover personal protection insurance (PIP) benefits, defendant, Citizens United Reciprocal Exchange (CURE), appeals by delayed leave granted[1] the trial court's orders denying CURE's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and granting summary disposition to defendant, Michigan Automobile Insurance Placement Facility (MAIPF), under the same subrule. Because the trial court did not abuse its discretion by declining to extend rescission to plaintiff, Niema Reese, or intervening plaintiff, VHS of Michigan Inc, doing business as Detroit Medical Center (DMC), and because MAIPF was not liable while CURE's policy remained applicable to their claims, we affirm.

## I. FACTUAL BACKGROUND

This appeal arises from a dispute over which entity is responsible for paying PIP benefits after plaintiff, Niema Reese, was injured as a pedestrian. At the time of the accident, Reese lived with her adoptive mother, Latoya Winkfield.[2] CURE had issued a no-fault policy to Latoya several months earlier. The policy listed Latoya as the named insured and identified two resident relatives, but it did not identify Reese as a resident relative.

Latoya's application also represented that she solely owned the vehicles insured under the policy. During discovery, however, Latoya testified that her daughter, Surya Winkfield, owned or co-owned one of those vehicles. CURE later took the position that Latoya made material misrepresentations in the application by failing to identify all household members and by misstating ownership of the insured vehicles. CURE asserted that it would not have issued the policy had it known the true facts.

In May 2022, Reese was struck by a vehicle while outside a nightclub. Reese later sought PIP benefits from CURE on the basis that she was a resident relative of Latoya. She also submitted an application to the MAIPF through the MACP,[3] identifying herself as an uninsured pedestrian who had resident-relative coverage but was not listed on Latoya's policy. DMC intervened in the action, seeking payment for medical treatment it provided to Reese after the accident.

The MAIPF moved for summary disposition, arguing that Reese and DMC were not entitled to benefits through the assigned-claims system because CURE's policy applied to Reese as a resident relative. CURE also moved for summary disposition, arguing that Latoya's policy was void *ab initio* because of her material misrepresentations and that the policy should be rescinded as to Reese and DMC.

---

[1] *Reese v Citizens United Reciprocal Exch*, unpublished order of the Court of Appeals, entered February 19, 2025 (Docket No. 372786).

[2] Latoya is Reese's biological aunt, but for clarity, we will only refer to her as Reese's adoptive mother.

[3] The MACP is a named defendant in this matter and is not a party to this appeal. Because the MAIPF has statutory responsibility for maintaining the MACP, we will exclusively refer to the MAIPF. See *Bronson Health Care Group, Inc v Titan Ins Co*, 314 Mich App 577, 580 n 2; 887 NW2d 205 (2016), citing MCL 500.3171; MCL 500.3301 *et seq*.

The trial court agreed that Latoya made material misrepresentations and rescinded the policy as to her. But the court declined to extend rescission to Reese. After balancing the equities, the court concluded that Reese was an innocent third party and that CURE remained responsible for PIP benefits. The court therefore denied CURE's motion for summary disposition and granted the MAIPF's motion for summary disposition. This appeal followed.

## II. ANALYSIS

### A. RESCISSION AS TO REESE

CURE first argues that the trial court erred by denying rescission as to Reese because Latoya's policy was void ab initio on the basis of material misrepresentations. We disagree.

Our Supreme Court recently clarified the proper standard of review when, as here, a party seeks rescission through a motion for summary disposition under MCR 2.116(C)(10). *Sherman v Progressive Mich Ins Co*, ___ Mich ___, ___; ___ NW3d ___ (2026) (Docket No. 167826); slip op at 9. "[T]he appellate court must first determine, de novo, that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id*. at ___; slip op at 9. The appellate court then reviews "whether the trial court abused its discretion in granting or denying the equitable remedy of rescission." *Id*. at ___; slip op at 9-10. "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes, or when the trial court makes an error of law." *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, 337 Mich App 360, 372-373; 976 NW2d 109 (2021) (citation omitted).

The parties do not dispute that Latoya made material misrepresentations in her insurance application, and the trial court's decision to rescind the policy as to Latoya is not challenged on appeal. The question is whether the trial court abused its discretion by refusing to extend that rescission to Reese.[4]

Reese sought PIP benefits after she was struck by a vehicle as a pedestrian. Under MCL 500.3115, "a person who suffers accidental bodily injury while not an occupant of a motor vehicle shall claim" PIP benefits under the MACP, "[e]xcept as provided in section 3114(1) . . . ." MCL 500.3114(1), in turn, provides that "[a] personal protection insurance policy . . . applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." Reese was Latoya's adopted daughter and lived with Latoya at the time of the accident. Accordingly, unless rescission applies to bar Reese's claim, CURE's policy applies to her as a domiciled relative under MCL 500.3114(1).

Although an insurer may rescind and declare void *ab initio* a policy procured by fraud, *Bazzi v Sentinel Ins Co*, 502 Mich 390, 408-409; 919 NW2d 20 (2018), an insured's fraud does

---

[4] CURE also argues that the equitable balancing test should not apply because Reese was not an innocent third party. CURE raised that argument for the first time in its reply brief on appeal, and we therefore decline to address it. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) (quotation marks and citation omitted).

not "imbue an insurer with an absolute right to rescission of the policy with respect to third parties," *id*. at 411. When rescission would affect an innocent third party, "the court is required, in the exercise of [its] equitable powers, to determine which blameless party should assume the loss . . . ." *Id*. at 410-411 (quotation marks and citation omitted; alterations in original). A list of nonexclusive factors guides that inquiry. See *Farm Bureau Gen Ins Co of Mich v ACE American Ins Co*, 503 Mich 903, 906-907; 919 NW2d 394 (2018) (footnotes omitted) (MARKMAN, J., concurring) (*Farm Bureau I*). This Court formally adopted that framework in *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 411; 952 NW2d 586 (2020), abrogated on other grounds by *Sherman*, ___ Mich at ___; slip op at 9-10. The factors include:

> (1) the extent to which the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured; (2) the relationship between the fraudulent insured and the innocent third party to determine if the third party had some knowledge of the fraud; (3) the nature of the innocent third party's conduct, whether reckless or negligent, in the injury-causing event; (4) the availability of an alternate avenue for recovery if the insurance policy is not enforced; and (5) a determination of whether policy enforcement only serves to relieve the fraudulent insured of what would otherwise be the fraudulent insured's personal liability to the innocent third party. [*Pioneer State*, 331 Mich App at 411 (citation omitted).]

The party seeking rescission bears the burden of showing that rescission is warranted. *Farm Bureau Gen Ins Co of Mich v ACE American Ins Co*, 337 Mich App 88, 108; 972 NW2d 325 (2021) (*Farm Bureau II*).

Applying those factors, the trial court did not abuse its discretion by refusing to rescind Latoya's policy as to Reese. As to the first factor, the trial court found that CURE could not have discovered Latoya's misrepresentations before Reese was injured. CURE sent Latoya a letter asking her to confirm the household members listed on the policy and to notify CURE if the list was inaccurate. That evidence did not establish an exhaustive investigation, but the parties opposing rescission did not present record evidence showing that CURE could have discovered Latoya's misrepresentations before the accident. Here, there was evidence that CURE made a "diligent effort . . . to discover contradictions or omissions in [Latoya]'s application . . . ." P*ioneer State*, 331 Mich App at 412. The trial court therefore did not abuse its discretion by weighing the first factor in favor of rescission.

The second factor weighs against rescission. CURE argues that Reese had constructive knowledge of the fraud because she lived with Latoya and was aware that Latoya had insurance through CURE. But the relevant question is not merely whether Reese knew a policy existed; it is whether she had some knowledge of Latoya's misrepresentations. See *id*. at 412. Although an insured is "charged with knowledge of the terms and conditions of [an] insurance policy," *Casey v Auto Owners Ins Co*, 273 Mich App 388, 395; 729 NW2d 277 (2006) (footnote omitted), Reese was not the named insured or the applicant. And while a close familial relationship may support an inference that the third party knew of the fraud, the relationship alone is not dispositive. *Farm Bureau II*, 337 Mich App at 105; *Isovska v Fitzpatrick*, ___ Mich App ___, ___; ___ NW3d ___ (Docket No. 368902) (2025); slip op at 11-12 (citation omitted). Latoya testified that Reese did not answer questions on the application, and there was no evidence that Reese knew Latoya had

-4-

failed to list her as a resident relative. The trial court thus properly weighed the second factor against rescission.

The third factor also weighs against rescission. Reese was injured as a pedestrian when she was intentionally struck by a vehicle. CURE presented no evidence that Reese acted recklessly or negligently in causing the injury-causing event. In *Pioneer State*, 331 Mich App at 412, the third factor weighed against rescission when the innocent third party was a passenger and was not involved in the accident. CURE argues that the factor should be neutral because CURE also had no role in the accident. But the factor examines the innocent third party's conduct, not the insurer's. The trial court properly weighed this factor against rescission.

The trial court erred, however, by weighing the fourth factor against rescission. The fourth factor concerns whether Reese had an alternate source of recovery if the policy were not enforced. A person may claim PIP benefits through the MAIPF if "[n]o personal protection insurance is applicable to the injury." MCL 500.3172(1)(a). If CURE's policy is not rescinded as to Reese, Reese may claim benefits from CURE as a resident relative under MCL 500.3114(1). But if the policy is rescinded as to Reese, MCL 500.3172(1)(a) would allow her to claim benefits through the MAIPF.

The trial court concluded otherwise because Reese did not serve her complaint on the MAIPF. That was an error of law. MCL 500.3145(1) requires an injured person to commence an action for PIP benefits within one year of the accident unless the person gave the insurer "written notice of injury" within that year. If a claimant "fail[s] to file a timely claim against" an alternate insurer, the one-year-back rule may bar that alternate recovery and weigh the fourth factor against rescission. *Pioneer State*, 331 Mich App at 412. Here, Reese submitted a claim to the MAIPF in January 2023, within one year of the May 2022 accident. Because Reese gave the MAIPF timely notice of injury, the one-year-back rule does not bar her from claiming benefits through the MAIPF if CURE's policy is rescinded. The fourth factor therefore weighs in favor of rescission.

The trial court also erred in its treatment of the fifth factor. The court weighed that factor against rescission because enforcing the policy would not relieve Latoya of liability for Reese's PIP benefits. But in *Pioneer State*, this Court explained that the relevant inquiry is "whether enforcing the insurance policy would subject the insurer to coverage for tort liability for an at-fault insured . . . ." *Id*. at 414 (quotation marks and citation omitted). Because Latoya was not involved in the accident, the fifth factor is inapplicable. See *id*.

In sum, the first and fourth factors weigh in favor of rescission, the second and third factors weigh against rescission, and the fifth factor is inapplicable. CURE therefore did not establish that the equities required rescission as to Reese. Because CURE bore the burden of showing that rescission was warranted, *Farm Bureau II*, 337 Mich App at 108, the trial court's refusal to rescind the policy as to Reese fell within the range of reasonable and principled outcomes. The trial court therefore did not abuse its discretion by denying rescission, and thus did not err in denying CURE's motion for summary disposition.

## B. RESCISSION AS TO DMC

CURE next argues that DMC cannot recover PIP benefits from CURE because Latoya's policy was rescinded. We disagree.

The issue is unpreserved because the trial court did not decide whether rescission barred DMC's claim against CURE. To preserve an issue in a civil case, "the party asserting error must demonstrate that the issue was raised in the trial court." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). CURE argued below that Latoya's policy was rescinded as to Reese and that CURE was not in the order of priority to pay Reese's benefits. It did not separately argue that rescission barred DMC's claim.

Even so, this Court may consider an unpreserved issue "if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 194; 920 NW2d 148 (2018) (quotation marks and citation omitted). Consideration is necessary here because the trial court dismissed MAIPF without deciding whether DMC could recover from CURE or the MAIPF. MCL 500.3112 authorizes a medical provider to recover overdue benefits for services provided to an injured person, and benefits may be claimed through the MACP if "[n]o personal protection insurance is applicable to the injury." MCL 500.3172(1)(a). If rescission barred DMC's claim against CURE, DMC could seek benefits through the MAIPF. We therefore address the issue.

DMC intervened to recover PIP benefits for medical treatment provided to Reese. CURE first argues that DMC's claim is entirely derivative of Reese's claim and asks this Court to overrule cases recognizing a medical provider's innocent-third-party status. CURE relies on *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 217-218; 895 NW2d 490 (2017), which held that a medical provider had no direct cause of action against an insurer for PIP benefits. But *Covenant* was superseded by statute. As this Court explained in *Van Dyke Spinal Rehab Ctr, PLLC v USA Underwriters*, ___ Mich App ___, ___; ___ NW3d ___ (Docket No. 365848) (2024); slip op at 3, "[t]he Legislature thereafter amended the no-fault act to explicitly allow medical providers to bring direct actions against the insurer for the payment of no-fault benefits to the medical provider for services they rendered to the insured." CURE's argument would require us to apply *Covenant* despite the statutory amendment that superseded it. That argument lacks merit.

CURE also argues that the *Pioneer State* factors are unworkable when applied to medical providers and proposes seven provider-specific factors. We decline to adopt those factors. In *Van Dyke*, this Court rejected the argument that the *Pioneer State* factors cannot apply to medical providers. *Id*. at ___; slip op at 7. It then applied those factors and denied rescission as to the provider's claim for PIP benefits. *Id*. at ___; slip op at 12.

Applying the existing test, the first factor favored rescission. CURE sent Latoya a letter asking her to confirm the household members listed in her application and to notify CURE if the list was inaccurate. The parties opposing rescission presented no evidence that CURE could have discovered Latoya's misrepresentations before the accident. CURE therefore made a "diligent effort . . . to discover contradictions or omissions in [Latoya]'s application . . . ." *Pioneer State*,

331 Mich App at 412. In *Van Dyke*, ___ Mich App at ___; slip op at 7-8, this Court recognized that a medical provider suffers financial injury when it provides services for which it may not be compensated, and that an insurer could have a perverse incentive to "accept a premium, ask no questions about insurability . . . , and wait to see if a claim arises." *Id*. at ___; slip op at 8. Those concerns do not control here because CURE did ask questions by sending Latoya the confirmation letter.

The remaining factors largely mirror the analysis of Reese's claim. The second factor weighed against rescission because there was no evidence that DMC knew Reese was not listed as a resident relative on Latoya's policy. See *Pioneer State*, 331 Mich App at 412; *Van Dyke*, ___ Mich App at ___; slip op at 10. The third factor also weighed against rescission because DMC did not act negligently or recklessly in the injury-causing event. See *Van Dyke*, ___ Mich App at ___; slip op at 10. *Van Dyke* does not specify whether the relevant injury is Reese's physical injury or the provider's financial injury. *Id*. at ___; slip op at 10-11. But DMC had no role in the accident, and there was no evidence it knew Reese had been omitted from Latoya's policy when it treated her. The fourth factor favored rescission because DMC timely claimed PIP benefits from the MAIPF, and MCL 500.3112 authorizes a provider to bring a direct action against the MAIPF to recover benefits through the MACP. The fifth factor was inapplicable because Latoya, the fraudulent insured, was not involved in the accident. See *Pioneer State*, 331 Mich App at 414.

Thus, as with Reese's claim, the first and fourth factors favored rescission, the second and third factors weighed against rescission, and the fifth factor was inapplicable. Even assuming review is not deferential because the trial court did not decide this specific question, CURE bore the burden of showing that rescission was warranted. *Farm Bureau II*, 337 Mich App at 108. CURE did not meet that burden. Rescission of Latoya's policy therefore does not bar DMC from pursuing PIP benefits from CURE.

## C. ASSIGNED-CLAIMS ELIGIBILITY

CURE argues that, even if it may be responsible for PIP benefits, Reese and DMC were required to seek benefits through the MAIPF. We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The MAIPF moved for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint. *Id*. at 120. "All well-pleaded allegations are viewed in the light most favorable to the nonmoving party unless documentary evidence is provided that contradicts them." *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 309; 901 NW2d 577 (2017). Once the moving party supports its position with documentary evidence, the burden shifts to the nonmoving party to establish a genuine issue of material fact. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 120. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). We also review issues of statutory interpretation de novo. *Gleason v Kincaid*, 323 Mich App 308, 317; 917 NW2d 685 (2018).

Here, the relevant statutes do not permit Reese or DMC to recover benefits through the MAIPF while CURE's policy remains applicable. Under MCL 500.3115, "a person who suffers accidental bodily injury while not an occupant of a motor vehicle shall claim" PIP benefits through the MACP, "[e]xcept as provided in section 3114(1) . . . ." MCL 500.3114(1), in turn, provides that "[a] personal protection insurance policy . . . applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." And a claimant may seek benefits through the MACP if "[n]o personal protection insurance is applicable to the injury." MCL 500.3172(1)(a). Because CURE is not entitled to rescind Latoya's policy as to Reese or DMC, applicable personal protection insurance exists. Reese may claim PIP benefits from CURE under MCL 500.3114(1) as Latoya's domiciled relative, and DMC may pursue overdue benefits from CURE through the direct cause of action in MCL 500.3112. The trial court therefore properly granted summary disposition to the MAIPF under MCR 2.116(C)(10).

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello